UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDUARDO SALLES,

       Plaintiff,

v.                                                    Case No. 8:25-cv-02886-MSS-NHA

NATHAN P. GRYGLEWICZ, ESQ.,
*et al.*,

       Defendants.

_____/

## <u>ORDER</u>

Plaintiff Eduardo Salles moves for an entry of Clerk's default against Defendant Alliance Title Group, Inc. ("Alliance"). Doc. 52. I grant the motion. However, Alliance has belatedly indicated an intent to defend (*see* Doc. 54), and the Court will thus entertain a motion to set aside the Clerk's Default under Federal Rule of Civil Procedure 55(c).

## I.   **Background**

Plaintiff, proceeding without a lawyer, initiated this action on October 24, 2025, bringing counts for forgery, fraud, and alleged due process violations against numerous defendants, including Alliance. Doc. 1. Soon after Alliance appeared and filed a motion to dismiss the initial complaint (Doc. 13), the Court *sua sponte* dismissed without prejudice Plaintiff's first complaint for its

non-compliance with Fed. R. Civ. P. 8, and granted Plaintiff leave to amend (Doc. 19).

Plaintiff subsequently filed his First Amended Complaint. Doc. 22. In response, Alliance filed a renewed motion to dismiss (Doc. 25), which the Court granted on January 26, 2026 (Doc. 30). The Court again granted Plaintiff leave to amend his compliant within 21 days. Doc. 30 p. 6. Noting that the other defendants had contested the validity of Plaintiff's service of process on them, but that Alliance had responded without contesting service of process, the Court ordered Plaintiff to affect Rule 4 service of process on every Defendant *except* for Alliance if he filed another complaint, reasoning that Alliance (which received electronic docket notices) need not be served with process again. Doc. 30 p. 5.

Plaintiff timely filed a Second Amended Complaint on February 3, 2026. Doc. 31. Plaintiff filed returns of service for every defendant, including Alliance, purporting to show that he had served each defendant with a new summons along with the Second Amended Complaint. *See* Docs. 42-50. Notwithstanding the Court's order deeming repeated Rule 4 service on Alliance unnecessary, Plaintiff filed a return of service purporting to show that he had served Alliance, via its registered agent, with a summons and a copy of the Second Amended Complaint on March 4, 2026. Doc. 50.

2

On April 7, 2026, Plaintiff filed the instant motion, seeking an entry of Clerk's default against Alliance for its failure to timely respond to the Second Amended Complaint. In the motion, Plaintiff states that Alliance was served on March 5, referring to the return of service Plaintiff filed after filing the Second Amended Complaint. Doc. 52 pp. 1-2.

The day after Plaintiff moved for a Clerk's default – and two months after Plaintiff filed the Second Amended Complaint – Alliance moved to dismiss the Second Amended Complaint. Doc. 54. Within Alliance's motion to dismiss, Alliance also responds in opposition to Plaintiff's motion for entry of Clerk's default against it. Doc. 54 pp. 4-5. On this front, Alliance states that, "On or about March 5, 2026, Plaintiff served Alliance by service on its registered agent and not pursuant to Fed. Rule Civ. Pro. 5(b)(2)(E)." Doc. 54 ¶ 7. Alliance also argues that "entry of Clerk's default would be inappropriate" in this circumstance because Alliance "has filed several pleadings and has actively participated in the subject litigation." Doc. 54 ¶ 17.

3

## II.    Relevant Law

Federal Rule of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default."[1] FED. R. CIV. P. 55(a) (emphasis added). The rule is non-discretionary; a defendant who fails to timely answer a complaint is in default. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014) ("[A] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted.") (citing 10A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2692 (4th ed. 2004)).

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the

---

[1] The Rule does not expressly specify whether the Clerk must enter a default if a party shows an intent to defend *after* a defendant has defaulted, and after a plaintiff has filed a motion for Clerk's default. Courts are divided on whether such a belated demonstration of an intent to defend can negate the mandatory entry of Clerk's default. *See, e.g., Behounek v. Grisham*, 1:20-cv-00405-JCH-LF, 2020 WL 5757798 (D.N.M. September 28, 2020) (finding entry of default under Rule 55(a) appropriate when the defendant filed a belated answer); *David Boggs, LLC, et al, v. Soltis, et al,* Case No. 6:18-cv-687-Orl-37GJK, 2018 WL 8188569 (M.D. Fla. Oct. 1, 2018) (declining to enter default when the defendant filed an answer after the plaintiffs moved for clerk's default). Given the mandatory language of Rule 55(a), the Court believes the cautious way to proceed is to enter the Clerk's default and entertain a motion under Rule 55(c) to set aside the Clerk's default, if warranted.

complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Thus, initial complaints must be personally served on defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. However, once a defendant is served with process and appears in court, pleadings filed after the initial complaint can be served on that defendant under Rule 5. Fed. R. Civ. P. 5(1)(B). Rule 5 provides more options for service than does Rule 4, and a plaintiff may serve a defendant who has appeared through a duly registered attorney "by filing [an amended pleading] with the court's electronic-filing system." Fed. R. Civ. P. 5(b)(2)(E).

After being served with an amended pleading, a defendant generally must respond to the amended pleading within fourteen days. Fed. R. Civ. P. 15(a)(3).

## III.  Analysis

Here, after Alliance had appeared and filed two motions in this action (without contesting service of process), Plaintiff's Second Amended Complaint was docketed with the Court's CM/ECF system on February 4, 2026. Doc. 31. Alliance's response was thus due on February 18, but it failed to file its motion to dismiss until April 9, and had not responded in any way to the Second Amended Complaint when Plaintiff filed the present motion seeking an entry of Clerk's default against Alliance.

Alliance asserts that Plaintiff erred by serving it under Rule 4 on March 5, "and not pursuant to Fed. Rule Civ. Pro. 5(b)(2)(E)." Doc. 54 ¶ 7. However, the electronic receipt generated by the Court's CM/ECF system for the Second Amended Complaint states that "Notice [was] electronically mailed to James A. Staack" at "jim@staacklaw.com" on February 4, 2026.[2] Mr. Staack is Alliance's lead attorney in this case – indeed, the signature block of Alliance's response in opposition to Plaintiff's motion bears the same name and email address identified in the CM/ECF receipt for the Second Amended Complaint. Doc. 54 p. 9.[3] Thus, the fact that Plaintiff need not have re-served process on

---

[2] Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). Additionally, courts in this Circuit routinely treat CM/ECF receipts as proof that a party identified within them was served with the filing. *See, e.g, Managed Healthcare Sols. Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV, 2012 WL 12948672, at *1 (S.D. Fla. Dec. 31, 2012), *report and recommendation adopted*, 2013 WL 12201246 (S.D. Fla. Jan. 3, 2013); *Russo v. Mann Bracken, LLP*, No. 1:09-CV-0373-CAM/AJB, 2009 WL 10712134, at *1 n. 1 (N.D. Ga. Oct. 22, 2009), *report and recommendation adopted*, 2009 WL 10712183 (N.D. Ga. Nov. 19, 2009); *L&M Companies, Inc. v. Agricola La Lab., S.A.*, No. 06-61339-CIV, 2008 WL 11330714, at *4 (S.D. Fla. Nov. 19, 2008), *report and recommendation adopted*, 2009 WL 10666808 (S.D. Fla. Jan. 9, 2009)

[3] Alliance's motion does not acknowledge the electronic transmission of the Second Amended Complaint. But Alliance also does not directly deny that it was served with the Second Amended Complaint via CM/ECF. Alliance acknowledges that "Plaintiff filed his Second Amended Complaint on or about

Alliance under Rule 4 on March 5 is irrelevant, because Alliance was served via CM/ECF – a method explicitly permitted by Rule 5 for service of amended pleadings, *see* FED. R. CIV. P. 5(b)(2)(E) – on February 4.

Alliance also argues that an entry of default against it would be "inappropriate" here, because "Alliance has filed several pleadings and has actively participated in the subject litigation." Doc. 54 ¶ 17. But Alliance's diligence or lack thereof over the course of this case is not the relevant inquiry here. Rather, "[w]hen a defendant fails to answer" or otherwise respond to a pleading, "Rule 55(a) mandates the entry of default." *Perez*, 774 F.3d at 1337.[4] Alliance failed to timely respond to the Second Amended Complaint, so default is mandatory.

---

February 3, 2026," and then states: "On or about March 5, 2026, Plaintiff served Alliance by service on its registered agent and not pursuant to Fed. Rule Civ. Pro. 5(b)(2)(E)." Doc. 54 ¶¶ 6-7. Thus, Alliance denies that it was served under Rule 5 *on March 5*, but neither denies nor affirms that it was served in February. Absent any contrary evidence, the CM/ECF receipt suffices to show that Alliance was served on February 3.

[4] Other courts within the Eleventh Circuit have also held that a party is subject to default when, despite answering an original complaint, it failed to respond to an amended complaint. *See Montgomery Bank, N.A. v. Alico Rd. Bus. Park, LP*, No. 2:13-CV-802-FTM-29CM, 2014 WL 12618182, at *3 (M.D. Fla. May 27, 2014) (compiling cases).

## IV.   Conclusion

Because Alliance was served with Plaintiff's Second Amended Complaint on February 4, 2026, and failed to timely answer or otherwise defend, Plaintiff's motion (Doc. 52) is granted.[5] Alliance may move to set aside the Clerk's default if it believes it can satisfy the requirements of Rule 55(c).

Accordingly, it is ORDERED:

1) The Clerk is directed to enter default against Defendant Alliance Title Group, Inc.;

2) Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

DONE on April 13, 2026.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[5] Because the Court has already held that Alliance did not contest service and thus did not need to be re-served with Rule 4 process, *see* Doc. 30 p. 5, I do not consider whether an entry of Clerk's default against Alliance is separately warranted based on Plaintiff's putative March 5 service of process on Alliance.