UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDUARDO SALLES,

       Plaintiff,

v.                                                    Case No. 8:25-cv-02886-MSS-NHA

NATHAN P. GRYGLEWICZ, ESQ.,
*et al.*,

       Defendants.

_____/

## ORDER

Defendant Alliance Title Group, Inc. ("Alliance") moves to set aside the Clerk's entry of default against it. Doc. 61. I grant the motion.

### I.   Background

Plaintiff, proceeding without a lawyer, initiated this action on October 24, 2025, asserting claims for forgery, fraud, and alleged due process violations against numerous defendants, including Alliance. Doc. 1. Soon after Alliance appeared and moved to dismiss the initial complaint (Doc. 13), the Court *sua sponte* dismissed without prejudice Plaintiff's first complaint for its non-compliance with Fed. R. Civ. P. 8, and granted Plaintiff leave to amend (Doc. 19).

When Plaintiff filed his First Amended Complaint (Doc. 22), Alliance filed a renewed motion to dismiss (Doc. 25), which the Court granted on

January 26, 2026 (Doc. 30). The Court again granted Plaintiff leave to amend his compliant within 21 days. Doc. 30 p. 6. Noting that the other defendants had contested the validity of Plaintiff's service of process on them, but that Alliance had responded without contesting service of process, the Court ordered Plaintiff to serve pursuant to Rule 4 every Defendant *except* for Alliance if he filed another complaint, reasoning that Alliance (which received electronic docket notices) no longer required formal service of process. Doc. 30 p. 5. Plaintiff timely filed a Second Amended Complaint on February 3, 2026. Doc. 31. Alliance filed no pleading responsive to the Second Amended Complaint.

On April 7, 2026, Plaintiff moved for entry of Clerk's default against Alliance for its failure to timely respond to the Second Amended Complaint. Doc. 52. One day after Plaintiff moved for a Clerk's default, but before the Court ruled on Plaintiff's motion, Alliance moved to dismiss the Second Amended Complaint. Doc. 54. The Court granted Plaintiff's motion for Clerk's default against Alliance, noting that Alliance had been served with the Second Amended Complaint via the Court's CM/ECF system on February 4, but had failed to timely answer or respond to the Second Amended Complaint. Doc. 58. In that order, the Court also acknowledged that Alliance had belatedly demonstrated an intent to defend against the Second Amended Complaint, and

2

thus advised Alliance that it could move to set aside the entry of Clerk's default if it could justify a set-aside under Rule 55(a). Doc. 58.

On April 14, Alliance filed the instant motion, arguing that good cause exists to set aside the Clerk's entry of default against it. Doc. 61. Alliance states that its failure to timely respond to the Second Amended Complaint was due to counsel's "mismanagement, error, or inadvertence." Doc. 61 ¶ 10. Alliance further argues that a set-aside is warranted here because Alliance has shown that it intends to defend against this action and that it has meritorious defenses to the Second Amended Complaint. Doc. 61 ¶¶ 25–28. Plaintiff opposes the motion, arguing that Alliance has not sufficiently explained its delay in responding to the Second Amended Complaint and that Alliance has no meritorious defenses. Doc. 62.

## II.   Law and Analysis

Rule 55 of the Federal Rules of Civil Procedure provides that a court may set aside an entry of Clerk's default "for good cause." FED. R. CIV. P. 55(c). In determining whether good cause is shown, courts generally evaluate (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). These

3

factors are not exclusive. *Id.* Nonetheless, "[w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* at 951–52 (citation omitted). The standard of good cause to set aside a Clerk's entry of default is distinct from the "more rigorous" standard of "excusable neglect" applied to motions to set aside final default judgments. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

Here, good cause exists to set aside the default entered against Alliance. First, Alliance previously and repeatedly demonstrated its intent to defend the suit. And, its default was not "culpable or willful." Alliance admits that the failure was due to counsel's mismanagement or oversight, and Alliance's prompt filing after Plaintiff moved for Clerk's default demonstrates that Alliance acted with urgency upon realizing the error. Plaintiff's argument that Alliance's explanation for the delay is conclusory is well-taken. But because Alliance need not make a more demanding showing of "excusable neglect" when *judgment* has not yet been entered against it, *see Mike Smith Pontiac GMC*, 896 F. 2d at 528, Alliance's acceptance of responsibility and demonstration of post-default diligence is enough to satisfy the first factor in favor of setting aside the default.

4

Second, Plaintiff would not be prejudiced by setting aside the default. This action has not significantly progressed since Alliance defaulted — five other Defendants' motions to dismiss Plaintiff's Second Amended Complaint (*see* Docs. 34, 35, 37, 38, 41) remain pending, and this action has not otherwise progressed in the default period.

Third, setting aside the Clerk's default is appropriate because Alliance intends to assert meritorious defenses. In this context, a meritorious defense means only a "good defense at law," and "whether a defense is meritorious does not depend on its likelihood of success." *Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 657 (M.D. Fla. 2014). Alliance has already filed a motion to dismiss the Second Amended Complaint, which, although untimely, includes facially legal arguments.  *See* Doc. 54.

Finally, there is a "strong preference" in this Circuit "for deciding cases on the merits — not based on a single missed deadline — whenever reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014). Alliance has only missed one deadline. For these reasons, Alliance's motion is due to be granted, to the extent it asks the Court to set aside the Clerk's default against it.

Alliance also seeks leave to file a responsive pleading to the Second Amended Complaint within fifteen days. Doc. 61 p. 5. However, as noted,

Alliance has already moved to dismiss the Second Amended Complaint. *See* Doc. 54. Thus, to avoid further delays, the Court will instead treat Alliances' motion to dismiss the Second Amended Complaint as timely. Plaintiff must respond to the motion within fourteen days of this order.

## III.    Conclusion

Accordingly, it is ORDERED:

1. Alliance's Motion to Set Aside the Clerk's Default (Doc. 61) is granted to the extent that the Clerk is directed to vacate the default at Docket Number 59;

2. Alliance's Motion to Dismiss the Second Amended Complaint (Doc. 54) is accepted as timely filed.

DONE on May 8, 2026.


NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE

6